TERRY et al. ex'rs *vs.* LINDSAY & CO.

---

TERRY et al. Ex'rs *versus* LINDSAY & Co.

1. It is not error that a judgment, on garnishment, is rendered parties as *administrators*—the process having issued against *executors*—one of whom answers as such.
2. Such matters are amenable under the statute of *jeofails.*
3. Where process of garnishment issues against two executors, which is only served on one, who answers, such answer will not authorise a verdict and judgment against both executors.
4. Objection to the sufficiency of the *affidavit,* in a proceeding on garnishment, must be taken in the court below.

This was a proceeding in garnishment, under the statute, in Madison circuit court, requiring the plaintiffs in error, as executors of Jones, to answer as to the indebtedness of their testator's estate, to one Wilkinson. The process of garnishment was served on Terry alone, who answered, and upon which judgment, on verdict, was rendered against both executors, as *administrators.* It was insisted in error—first, that the process having issued, as against *executors,* no judgment could be had against them, as *administrators.* Second—that the judgment was had against *both,* process being only served on *one:* and, third, that the *affidavit* was not sufficient.

*McChung,* for plaintiff—*Hopkins, contra.*

TAYLOR, J.—A writ of garnishment was issued by order of the Circuit court of Madison county, against the plaintiffs in error, as executor and executrix of the last will and testament of *Joel W. Jones,* deceased, requiring them to appear instanter before said court, and answer upon oath what they were indebted to Lyddell Wilkinson. This writ was executed upon Terry, alone : whereupon he appeared and answered, in substance, that he could not then tell what off-sets existed against a judgment recovered at that term ; that there were certain equitable off-sets, but to what amount he did not know : and day was given him to make further answer.

At the next term of the court, an entry was made, in the following words, viz:

" Nathaniel Terry, garnishee of Lyddell Wilkinson, on oath, renders here, the following statement : " After a minute examination of the *off-sets* vs. *Lyddell Wilkinson,* in case of said Wilkinson against me, as executor, &c. of Joel W. Jones, they appear to amount to one hundred and fifty-one dollars over said Wilkinson's judgment against me."

An affidavit was afterwards filed, by John Lindsay, one of the defendants in error, stating that he believed, " that Nathaniel Terry, as executor of the said Joel W. Jones, deceased, is indebted to the said Lyddell Wilkinson, and this he prays may be inquired of by the country." In this form the affidavit was sworn to ; after which follows, in the record, the word " *similiter,*" signed "*Clay & McClung,*" as attorneys. These proceedings were intended by the parties, to form an issue, to ascertain whether the off-sets referred to in the answers of Terry, would bar a recovery by the defendants in error. A jury

was subsequently empannelled, who returned their verdict in these words : they "find said issue for the plaintiffs, and that said *garnishees* are indebted to the said Lyddell Wilkinson, in the sum of one hundred and eighty-seven dollars, twenty cents." After this, follows the judgment, which is rendered against "the said garnishees, as *administrators* of said Joel W. Jones," &c.

There are three assignments of error filed by the plaintiffs; the first of which is, that "the summons of garnishment was prayed, ordered and issued against said *Jones* and *Terry*, as *executrix* and *executor* of *Joel W. Jones,* deceased ; and the judgment is rendered against them as *administrators* of said Jones.

This certainly does not constitute such an error, as would authorise a reversal of the judgment. As the writ was issued against the executors of Jones, and one of the plaintiffs in error, upon whom it was executed, answers, as required by the writ : he, thereby acknowledges the character which the writ charges him in, and the judgment could have been amended, under our statute of amendments, which declares, " that no judgment shall be reversed, for any mistake in the name," &c. "if the name," &c. "of any of parties, be right in any part of the proceedings." This court is bound to infer, that the character of executors, which is given to the plaintiffs in error, in the writ, and in which one of them answers, in that answer, expressly recognising this as his real character, is the true one; and that the word, *"administrators,"* in the judgment, is a clerical mistake, was amendable below, and will be considered amended, here.

The second assignment is, "the said writ of guar-

nishment, was issued against said *Jones*, as executrix, and said Terry as executor, of *Joel W. Jones*, deceased, and returned, 'executed on said Nathaniel Terry, only,' not having been executed on said *Agnes Jones*, executrix; and yet, judgment is rendered by the court below, against both, said Jones and Terry."

In the case of *Jones's executors* vs. *Lyddel Wilkinson*, decided in this court, in July, 1830, it was determined, that service on one only, of two executors, was insufficient, when both were parties. This doctrine was admitted, in argument, by the counsel for the defendants in error; and he acknowledges, that there was error in rendering the judgment below, against both the executors, when service had been effected upon only one; but, he insists, that this court should render such judgment as the court below ought to have rendered, upon the verdict of the jury: and, that this will be a judgment against Terry, only.—That writs of garnishment are not to have the strictness applied to them, which governs suits commenced in the ordinary way.—That many persons may be summoned by such a writ, and only a part of them convicted; and, that, in this case, the answer was made by Terry, only: the issue was, whether *he* was indebted to Wilkinson or not, and the finding of the jury, was upon that indebtedness.

It is considered totally unnecessary to examine, whether a suit can be sustained against one of two executors or administrators, to recover a debt which was due from the testator. The questions, in this case, are, was one or both of the executors sued, and did the jury find as to the indebteness of both?

The writ was issued against both, yet if there had been no further proceedings against one, and the cause of the action had been several, this would have been no error. The plaintiffs below were not bound to proceed against all, merely because they had included them in the writ, they might have been satisfied that one was indebted in a sufficient sum to satisfy the demand; but the subsequent proceedings were evidently had against both of the plaintiffs in error.

Although the informal issue which was made up between the parties, was between Terry and the defendants in error, alone, yet it is evident the jury, in their verdict, included both the plaintiffs in error; and the judgment strictly pursues the verdict. The verdict is, that "the said *garnishees* are indebted," &c., not the defendant to the issue. The verdict, therefore, affords no ground on which to render a judgment, in favor of the defendants in error. Nor do I know of any instance in which there was a jury trial, in the court below, that this court has reversed and rendered another judgment.

The third assignment is—"There was no sufficient affidavit, whereon to order an issue between between said parties, in the court below."

It is a sufficient answer to this objection, that it was not taken in the Circuit court.

For the error in rendering the verdict and judgment against both the plaintiffs in error, when only one had been served with process, the judgment reversed and the cause remanded.